ROBERTS, J.,
for the Court.
SUMMARY OF THE CASE
¶ 1. Neil Gregory was injured at the Sand Creek Dirt Pit in Lee County, Mississippi. Gregory and his wife, Sherry, sued numerous parties, both individually and as their respective business entities. The defendant most relevant to our present purposes was Audubon Insurance Group, the insurance company that issued a commercial general liability insurance policy to Hodges Construction Company, Inc.
¶ 2. The Gregorys claimed that they were entitled to compensation as a third party beneficiary of Hodges Construction Company’s policy with Audubon. Audubon claimed that the Gregorys were not entitled to compensation because the events that led to Neil Gregory’s injuries were excluded from coverage. Consequently, Audubon filed a motion for summary judgment. The circuit court granted summary judgment in favor of Audubon. Aggrieved, the Gregorys appeal. Finding no error, we affirm.
FACTS
¶ 3. On October 8, 1998, Neil Gregory drove his dump truck to the Sand Creek Dirt Pit in Saltillo, Mississippi. Gregory planned to pick up a load of dirt and transport it to the site of a new home construction.
¶ 4. Sand Creek’s loading procedure involved driving a dump truck to the end of the line of waiting trucks and gradually moving forward until one reached the front of the line. At that point, an excavator would place a load of dirt onto the dump truck. Gregory was injured as he waited in line.
¶ 5. By Gregory’s recollection, on October 8th, there was a long line of trucks ahead of him. Larry Moore, an employee of Hodges Construction Company, Inc., operated the dump truck directly ahead of Gregory. As he waited, Gregory decided to check under his hood for oil leaks. Gregory got out of his truck and looked under his open hood. As Gregory looked for leaks, Moore attempted to reposition his truck. In so doing, Moore backed into Gregory and crushed him between the two trucks. Gregory was severely injured.
PROCEDURAL HISTORY
¶ 6. Having retained the firm of Jimmy D. Shelton and Associates, the Gregorys filed a complaint on July 21, 2000, in the Lee County Circuit Court. Neither Hodges Construction nor Audubon were named as defendants. On January 11, 2001, Michael Greer of the firm Greer & Pipkin filed an entry of appearance on behalf of the Gregorys.
*602 ¶ 7. On March 9, 2001, the Gregorys amended their complaint and added Hodges Construction as a defendant. On July 15, 2002, the Gregorys amended their complaint for a second time. That time, the Gregorys finally added Audubon as a defendant and claimed they were entitled to recover as third party beneficiaries under Hodges Construction’s commercial general liability policy with Audubon.
¶ 8. On January 27, 2003, Audubon filed a motion for summary judgment. Audubon took the position that the Gregorys were precluded from recovery as third party beneficiaries due to the language of the policy. Meanwhile, the Gregorys settled with all named defendants except Audubon. On January 3, 2006, the circuit court conducted a hearing on Audubon’s motion for summary judgment. That same day, the circuit court entered an order and opinion. By that order, the circuit court found “that the auto exclusion forecloses coverage under the Audubon policy.” The circuit court found that, based on the circumstances of Neil’s injuries, the language of the Audubon commercial general liability policy did not allow the Gregorys to recover anything as third party beneficiaries of Hodges Construction’s commercial general liability insurance policy. Accordingly, the circuit court granted Audubon’s motion for summary judgment. The Gregorys appeal.
STANDARD OF REVIEW
¶ 9. The sole issue before us is whether the circuit court erred when it found that summary judgment on behalf of Audubon was appropriate. “This Court’s standard of review for summary judgment is well-settled and is the same standard employed by the trial court under Rule 56(c).” Titan Indem. Co. v. Estes, 825 So.2d 651(¶ 11) (Miss.2002). We conduct a de novo review of a circuit court’s decision to grant or deny summary judgment. Id.
ANALYSIS
¶ 10. According to Rule 56 of the Mississippi Rules of Civil Procedure, a circuit court may grant summary judgment “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” “A fact is material if it ‘tends to resolve any of the issues, properly raised by the parties.’ ” Webb v. Jackson, 583 So.2d 946, 949 (Miss.1991). The moving party bears the burden of showing that no genuine issue of material fact exists. Tucker v. Hinds County, 558 So.2d 869, 872 (Miss.1990). Additionally, the circuit court must view the evidence in the light most favorable to the non-moving party. Russell v. Orr, 700 So.2d 619, 622 (Miss.1997). Because it is generally better to err on the side of denying the motion, it has been said that the circuit court must consider motions for summary judgment with a skeptical eye. Ratliff v. Ratliff, 500 So.2d 981, 981 (Miss.1986).
¶ 11. The circuit court found that the Gregorys were precluded from recovery as third party beneficiaries under the commercial protection policy Hodges Construction purchased from Audubon. The circuit court reached its decision based on the language of what is termed the “auto exclusion.” Pursuant to the “auto exclusion,” Audubon will not pay benefits for:
“Bodily injury” or “property damage” arising out of the ownership, maintenance, use or entrustment to others of any ... “auto” ... owned or operated by or rented or loaned to any insured. Use includes operation and “loading and unloading.”
*603 Audubon submits that, because Moore was an employee of Hodges Construction and was driving a dump truck leased to Hodges Construction when he backed into Gregory, the Gregorys are not entitled to recover under the “auto exclusion.”
¶ 12. The Gregorys claim that they are entitled to coverage by virtue of the “parking exception” to the “auto exclusion.” The “parking exception” states that the “auto exclusion” does not apply to “[P]ark-ing an ‘auto’ on or on the ways next to, premises you own or rent, provided the ‘auto’ is not owned by or rented or loaned to you or to the insured.” Consequently, our analysis must focus on (a) whether the “auto exclusion” applies and, if so, (b) whether the “parking exception” overrides the “auto exclusion.”
a. The “Auto Exclusion”
¶ 13. As mentioned, Hodges Construction’s policy with Audubon will not extend coverage to:
“Bodily injury” or “property damage” arising out of the ownership, maintenance, use or entrustment to others of any ... “auto” ... owned or operated by or rented or loaned to any insured. Use includes operation and “loading and unloading.”
Said differently, Audubon will not compensate for injuries arising out of the use of any “auto” owned, operated by, rented to, or loaned to any “insured.” The policy specifically defined both “auto” and “insured.”
¶ 14. According to the policy, “ ‘[a]uto’ means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. But ‘auto’ does not include ‘mobile equipment.’ ” The dump truck Moore operated was designed for travel on public roads. There is no dispute as to whether Moore operated an “auto.”
¶ 15. In the context of the policy, each of the following is an insured:
Your [meaning Hodges Construction’s] “employees” other than either your “executive officers” ... or your managers ..., but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.
At the time of the accident, Moore was driving a dump truck in his capacity as an employee of Hodges Construction. Hodges Construction’s employees are specifically contemplated as insureds. There is no dispute as to whether Moore was acting within the scope of his employment or that he was performing duties related to the conduct of Hodges Construction’s business. Accordingly, there is no question that Moore was an “insured” at the time Neil Gregory was injured.
¶ 16. Thus, we are of the opinion that Moore, an insured, used Hodges Construction’s dump truck, an “auto” as contemplated by the policy language, when he backed into Gregory. As such, Neil Gregory sustained bodily injuries that arose out of the use of an auto operated by Moore, an insured. Consequently, the language of the “auto exclusion” applies and the Gregorys may not recover as third party beneficiaries of Hodges Constructions’ commercial protection policy with Audubon. Unless, that is, the Gregorys are correct in their assertion that they are still entitled to recover under the “parking exception” to the “auto exclusion.”
b. The “Parking Exception.”
¶ 17. As discussed above, the “auto exclusion” does not apply to “[p]ark-ing an ‘auto’ on, or on the ways next to, premises you own or rent, provided the auto is not owned by or rented or loaned to you or the insured.” If the Gregorys are correct, they would be entitled to recover as third party beneficiaries. Accord *604 ing to the Gregorys, the exclusion is ambiguous in that it does not specify which vehicles have to be involved in parking. The Gregorys note that the word “you” implies the insured as mentioned in the definitions. They also point out the provision in the policy that says, “Throughout this policy the words ‘you’ and ‘your’ refer to the Named Insured.” The Gregorys then draw attention to the fact that “you” is mentioned in the parking exception phrase, but only in reference to ownership of the property where the accident occurs. The Gregorys reason that:
If the insurer had intended the parking exception to only apply to bodily injury arising from the insured parking a vehicle, it could have easily used the word “you” to specify, “You or the insured parking an auto on, or the ways next to, premises you own or rent.”
According to the Gregorys, “Since this language was not included, the parking exception to the auto exclusion applies to any person parking on the premises.”
¶ 18. The Gregorys are incorrect in their selective interpretation of the parking exception. The circuit court was correct. The Audubon policy is not an automobile liability policy. It is a commercial general liability policy. The parking exception specifically states that the exception does not apply to vehicles loaned to the insured. As stated above, Moore was an insured because he was an employee of Hodges Construction. As Audubon points out, “[s]ince the dump truck driven by Larry Moore was loaned or leased to Hodges Construction at the time of the accident ... the exception does not apply.”
¶ 19. Moreover, the parking exception only applies to parking an auto on premises Hodges Construction either owns or rents. There is no evidence to suggest that Hodges Construction owned or rented the Sand Creek Dirt Pit. Audubon further asserts that coverage does not apply “because Hodges Construction is the Named Insured on the Audubon policy, and Hodges Construction did not own the Sand Creek Dirt Pit where the accident took place.”
¶ 20. It is debatable whether Neil Gregory was “parking,” at the time of his injury. Though it seems a stretch to conclude that Gregory was parking versus temporarily leaving his vehicle, that is not a distinction we have to consider. Because there are two clearly undisputed reasons as to why the parking exception does not apply, there is no reason to go further with our analysis. Suffice it to say, the circuit court was correct when it granted summary judgment in Audubon’s favor. The Gregorys are not entitled to recover as third party beneficiaries of Hodges Construction’s policy with Audubon. Accordingly, we affirm.
¶ 21. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE AND CARLTON, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.